a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH LEE WILEY II, Plaintiff | CIVIL DOCKET NO. 1:22-CV-01233 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| WARDEN MERENDINO, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Joseph Lee Wiley II ("Wiley"). At the time of filing, Wiley was a prisoner in the custody of the Federal Bureau of Prisons ("BOP") incarcerated at the Federal Prison Camp in Pollock, Louisiana. However, Wiley has since been released. ECF No. 8.

Because Wiley was released, his Petition is moot and should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

I. Background

Wiley pleaded guilty to conspiring to commit health care fraud. *United States v. Wiley,* 2:19-CR-0010 (S.D. Miss.). He was sentenced to 26 months of imprisonment. *Id.* Wiley requests release to home confinement and that the BOP update his time credits under the First Step Act.

1

II. <u>Law and Analysis</u>

Under Article III of the Constitution, federal courts may adjudicate only "actual, ongoing cases or controversies." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004). "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (citations omitted). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *AMA v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) (citing *Matter of S.L.E., Inc.*, 674 F.2d 359, 364 (5th Cir. 1982)). An action is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Federal Bureau of Prisons*, 220 F. App'x 256, 2007 WL 627580, at *1 (5th Cir. Feb. 22, 2007) (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (holding appeal from denial of § 2241 petition seeking release from confinement was moot after the petitioner's release)). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 15-16 (5th Cir. 1978).

Wiley satisfied the jurisdictional "in custody" requirement of § 2241 at the time the Petition was filed. *See* 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). However, because Wiley is no longer incarcerated, the challenge to his detention is moot. *See Ibrahim v. INS*, No. 3:02-CV-0770-M, 2003 WL 292172, *1 (N.D. Tex. Feb. 7, 2003) (release moots habeas petition challenging legality of extended detention) (citing *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002)); *see*

*also Alhamdani v. Attorney General*, 3:02-CV-2362, 2003 WL 21448784, at *1 (N.D. Tex. Apr. 28, 2003); *Jackson v. Atkinson*, 8:13-CV-01179, 2013 WL 5890231, at *4–5 (D. S.C. 2013) (dismissing claim for credit for home detention as moot because the petitioner was released from confinement in prison).

Additionally, Wiley cannot satisfy the case-or-controversy requirement of Article III, Section 2 of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The Court's jurisdiction is constrained to adjudicating "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "In order to maintain jurisdiction, the court must have before it an actual case or controversy at all stages of the judicial proceedings." *Spencer*, 523 U.S. at 7. "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks and citation omitted).

Even if Wiley is currently on supervision, the sole relief sought in his petition—release from confinement—has been granted. *See Bailey*, 821 F.2d at 278. The § 2241 Petition does not seek any modification of a term of supervised release. Nor would such modification automatically follow. *See United States v. Johnson*, 529 U.S. 53, 57–58 (2000); *Herndon v. Upton*, 19-11156, 2021 WL 116535 (5th Cir. 2021), *cert. denied*, 142 S.Ct. 82 (2021).

Even if Wiley served a longer custodial sentence than he was supposed to, he is not entitled to "'automatic credit' as a means of compensation." *Id.* (citing *United*

3

*States v. Jeanes*, 150 F.3d 483, 485 (5th Cir. 1998); *see also Johnson*, 529 U.S. at 58–59 ("Though interrelated, the terms are not interchangeable.").

Moreover, if Wiley's Petition is not moot, he still states no viable claim. Under 18 U.S.C. § 3624, the BOP has the authority to place a prisoner in home confinement for the shorter of 10% of the term of imprisonment or 6 months.[1] The authority is granted to the BOP, but placement is not mandated. *See Ambriz v. United States*, 465 F. Supp. 3d 630, 633 (N.D. Tex. 2020) (holding the Court has no jurisdiction under § 3624 to order home confinement or to compel the BOP to release a defendant to home confinement).

## III. Conclusion

Because Wiley's Petition is moot, IT IS RECOMMENDED that the Petition (ECF No. 7) be DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

---

[1] 18 U.S.C.A. § 3624 provides in part:

(c) Prerelease custody.--

(1) In general.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

(2) Home confinement authority.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, July 11, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE